Gery W. Edson – Idaho State Bar No. 2984
GERY W. EDSON, P.A.
250 South Fifth Street, Suite 820
P. O. Box 448
Boise, Idaho  83702
Phone: (208) 345-8700
Fax:     (208) 389-9449
Email:   gedson@gedson.com

Attorneys for Claimant, JANE DOE 1, by and through her Next Friend,
         the Law Firm of KIRTLAND & PACKARD LLP

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re:<br><br>TYLER GORDON,<br><br>　　　　　　　　　　　　Debtor.<br>_____ | )<br>)<br>)<br>)<br>)<br>) | Bankruptcy No.  22-00257-NGH<br>Chapter  7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |

**COMES NOW**, Jane Doe 1, through her Next Friend, the Law Firm of Kirtland & Packard, LLP, (hereinafter referred to as "Claimant") by and through her counsel of record, Gery W. Edson, and pursuant to 11 USC §105, §361, §362, 28 USC §157, FRBP 4001 and LBR 4001.2, hereby respectfully moves the Court to modify, vacate or terminate the 11 USC §362(a) stay to permit Claimant to complete pending litigation against the above-named Debtor to establish the amount of her claim.

Claimant represents the following to the Court in support of her Motion:

1.      That on or about June 16, 2022, Debtor Tyler Gordon, filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

2.      That subsequent to the filing, Patrick J. Geile was appointed as Chapter 7 Trustee over the estate.

3.      That a civil action against the above-named Debtor has been pending in the United States District Court for the Central District of California (*Jane Done 1, v. Tyler Gordon,*

MOTION FOR RELIEF FROM AUTOMATIC STAY                                                                     Page 1

case number CV19-060962-DDP-RAO).  Extensive litigation, including discovery, has been ongoing concerning Debtor's forceable rape of Claimant to determine the amount of damages as a result of his wanton, willful and malicious conduct.

      4.     That a court trial was scheduled in the California litigation for July 12, 2022. Due to Debtor filing a Notice of Bankruptcy in that proceeding on June 16, 2022, the trial was vacated and the matter stayed.

      5.     That Claimant possess claims, which, if proven at trial, would establish the factual basis for a claim of non-dischargeability under Section 523 of the Bankruptcy Code.

      6.     That an extensive amount of pretrial preparation has been undertaken by Claimant at great expense.  The issues relevant in the California litigation directly address the potential issues of non-dischargeability in the adversary proceeding filed by Claimant in this bankruptcy case (*Jane Doe 1 v. Tyler Gordon*, adversary case number 22-06011-NGH).

      7.     That Claimant does not seek to enforce any judgment, but merely determine the factual issues concerning the allegations against the Debtor and to return to this Court if a judgment in Claimants favor is entered, for determination of the dischargeability of that debt under Section 523.

      8.     That good cause exists for vacating the automatic stay imposed by § 362(a) of the Bankruptcy Code based on the extensive litigation which has preceded the Debtor's recent filing for relief in the District of Idaho.

     WHEREFORE, the Claimant requests an order of this Court vacating the automatic stay for the purpose of allowing the California litigation to continue to trial for determination of the claims asserted therein.

NOTICE

NOTICE IS HEREBY GIVEN that Jane Doe 1, through her Next Friend, the Law Firm of Kirtland & Packard, LLP, has filed a motion with this Court for an Order granting it relief from the automatic stay.

Please take notice that pursuant to Local Bankruptcy Rule 4001.2 and subject to Fed. Bankr R. 9006, any party in interest opposing the Motion must file and serve an objection to the motion **not later than seventeen (17) days after the date of service of the motion.** The objection must specifically identify those matters contained in the Motion that are at issue and any other basis for opposition to the motion. **Absent the filing of a timely objection, the Court may grant the relief without a hearing**. In addition, as required by Local Bankruptcy Rule 4001.2(d)(3), if an objection is filed to this motion, the objection must be served upon the movant and upon all parties receiving service of the motion. In accordance with Local Bankruptcy Rule 4001.2(e)(1), any party opposing a motion for stay relief must contact the Court's calendar clerk to schedule a preliminary hearing. At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

In addition, pursuant to Local Bankruptcy Rule 4001.2(g) and 11 U.S.C. §362(e), 30 days after a request under 11 U.S.C. §362(d) for relief from the stay of any act against property of the estate under 11 U.S.C. §362(a), such stay is terminated with respect to the party in interest making such request, unless the Court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

Dated this 1st day of September, 2022.

                    **GERY W. EDSON, P.A.,**

                    By /s/ Gery W. Edson
                        Gery W. Edson
                        Attorney for Claimant Jane Doe 1,
                        through her Next Friend, the Law Firm of
                        Kirtland & Packard, LLP

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2022, I served a copy of the foregoing on CM/ECF Registered Participates as reflected on the Notice of Electronic Filing:

1. Michael A. Wilder
    *Attorney for Debtor*
    michael@averylaw.net

2. Patrick J. Geile
    *Trustee*
    pgeile@foleyfreeman.com

3. US Trustee
    ustp.region18.bs.ecf@usdoj.gov

I further certify that on the 1st day of September, 2022, I caused to be served a true and correct copy of the foregoing pleadings by U.S. Mail, postage prepaid, and addressed to the following:

Tyler Gordon
2975 N. Records Ave. #F-102
Meridian, ID 83646

/s/ Gery W. Edson
Gery W. Edson