**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| IN RE: | Case No. 22-00257-NGH |
|---|---|
| TYLER GORDON, | |
| Debtor. | Chapter 7 |

**MEMORANDUM OF DECISION**

Before the Court is a motion for relief from the automatic stay filed by Jane Doe ("Creditor"). Doc. No. 18. A hearing on the matter was held on October 24, 2022, after which the Court took the issue under advisement. Doc. No. 28. The following constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.[1]

**BACKGROUND**

Creditor filed a complaint in the U.S District Court for the Central District of California against Tyler Gordon ("Debtor") in 2019. The complaint alleged that Debtor sexually assaulted Creditor in February 2018 and asserted tort claims of negligence, intentional infliction of emotional distress, sexual battery and assault based on California state law. *Id.* at 12–46. The parties engaged in discovery and a trial was set to commence on July 12, 2022. *See* Doc. No. 25 at 2. However, on June 16, 2022, Debtor

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532.

MEMORANDUM OF DECISION - 1

filed a voluntary chapter 7 bankruptcy petition in the District of Idaho. Doc. No. 1. The California litigation was thus halted.

On September 1, 2022, Creditor initiated an adversary proceeding against Debtor, seeking a determination of the nondischargeability of her claims under § 523(a)(6). Case No. 22-06011-NGH, Doc. No. 1. Contemporaneously, Creditor filed a motion for relief from the automatic stay (the "Motion") so that the parties may return to the Central District of California to liquidate the amount of Creditor's claim. Doc. No. 18. Debtor objected to the Motion. Doc. No. 21. A preliminary hearing on the matter was held on September 26, 2022, wherein the parties expressly consented to this Court's entry of a final order on the stay relief motion and thus allowing this Court to determine the appropriate venue to liquidate Creditor's claim. The matter was continued, and the parties provided supplemental briefing to address issues of venue and jurisdiction. *See* Doc. Nos. 25, 26 & 27. On October 24, 2022, the Court held a continued preliminary hearing on the matter, wherein the parties presented legal arguments.[2]

**ANALYSIS**

A.    **The Court's Jurisdiction**

    1.    **Application of 28 U.S.C. § 157(b)**

First, the Court must consider its jurisdiction and authority in adjudicating this matter. The jurisdiction of bankruptcy courts is governed by statute. Congress conferred

---

[2] At the continued preliminary hearing, the parties indicated no final hearing would be necessary as the parties did not anticipate presenting evidence or testimony to the Court. Having reviewed the matter, and consistent with § 362(e)(1), the Court determines the matter can be fully addressed on the record and arguments presented and that a final hearing is not required.

MEMORANDUM OF DECISION - 2

"original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" on the federal district courts. 28 U.S.C. § 1334(b). The Idaho District Court then referred all such matters to the Idaho Bankruptcy Court. *See* General Order 349; 28 U.S.C. § 157(a). Once those matters have been referred to the bankruptcy court, 28 U.S.C. § 157(b)(1) provides that bankruptcy judges may hear and enter final judgment in all "core proceedings arising under title 11 or arising in a case under title 11." Core proceedings are defined in 28 U.S.C. § 157(b)(2) to include, among others, nondischargeability actions, orders to turn over property, objections to discharge, and confirmations of plans. Further, core proceedings include the

> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 **but not the liquidation or estimation of contingent or unliquidated personal injury tort** or wrongful death claims against the estate for purposes of distribution in a case under title 11.

28 U.S.C. § 157(b)(2)(B) (emphasis added). As such, claims litigation concerning the liquidation or estimation of "personal injury torts" is not a core matter over which a bankruptcy court may enter final judgment absent consent of the parties. 28 U.S.C. § 157(b)(5) further provides "that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose, as determined by the district court in which the bankruptcy case is pending." However, the Supreme Court held in *Stern v. Marshall* that

MEMORANDUM OF DECISION - 3

§ 157(b)(5) is not jurisdictional, and thus can be waived by the consent of the parties. 564 U.S. 462, 479 (2011).

### 2.　　Nondischargeability Action

As noted above, an action seeking the determination of the dischargeabilty of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2).  Debtor argues that because Creditor is seeking a determination of the dischargeabilty of her claims under § 523(a)(6) in the adversary proceeding, Case No. 22-06011-NGH, the Court has jurisdiction to liquidate the claims in connection with the adversary proceeding.  In *In re Lyon*, the Court noted that a bankruptcy court "regularly determines, in such proceedings and under its core jurisdiction, whether a debtor owes a debt to the creditor, the amount of that debt, and the alleged nondischargeability of that debt."  2019 WL 2866558, at *5 (Bankr. D. Idaho July 2, 2019); *see also In re Frantz*, 2015 WL 1778068, at *13 (Bankr. D. Idaho Apr. 16, 2015) ("It is well accepted that this Court can establish the amount of a debtor's liability in the process and context of determining whether such debt is nondischargeable.").  However, while the nondischargeability action may be a core matter in the exclusive jurisdiction of this Court, that would not transform the estimation and liquidation of a personal injury tort claim into a core claim.  *See In re Von Volkmar*, 217 B.R. 561, 565 (Bankr. N.D. Ill. 1998) ("the plain language of 28 U.S.C. § 157(b)(5) flatly prohibits a bankruptcy court from adjudicating and liquidating personal injury claims even when brought within a nondischargeability proceeding"); *see also Dorris v. Chacon (In re Chacon)*, 438 B.R. 725, 736 (Bankr. D.N.M 2010) (noting that while the bankruptcy court could hear the nondischargeability action, the court could not decide the

MEMORANDUM OF DECISION - 4

liability of a personal injury claim). Accordingly, despite the presence of a pending adversary action concerning the same claims, if Creditor's claims are personal injury torts, the Court does not have authority to enter final judgment as to the liquidation or estimation of such claims.

### 3. Personal Injury Tort Claim

In order to determine whether Creditor's claims are core, the Court must determine whether Creditor is alleging personal injury tort claims. The Code does not define "personal injury tort" and courts have taken different approaches in determining whether a claim constitutes a personal injury tort. Under the broadest definition employed by courts, "'private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages,'" including "'damage to an individual's person and any invasion of personal rights, such as libel, slander, and mental suffering'" would constitute a personal injury tort. *In re Residential Capital*, 536 B.R. 566, 572 (Bankr. S.D.N.Y. 2015) (quoting *Boyer v. Balanoff (In re Boyer)*, 93 B.R. 313, 317–18 (Bankr. N.D.N.Y.1988)). A second, hybrid approach requires the court to look at the substance of the claim and if it contains the "'earmarks of a financial, business, or property tort claim, or a contract tort claim,'" then it is not a personal injury tort claim. *Id.* (quoting *Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.)*, 281 B.R. 154, 161 (Bankr. D. Conn. 2002)).

Here, Debtor urges the Court to adopt the narrow view of "personal injury tort" utilized in *In re Gawker Media LLC*, 571 B.R. 612, 620 (Bankr. S.D.N.Y 2017). Under the narrow definition, a claim is only a personal injury tort if it involves "a trauma or

MEMORANDUM OF DECISION - 5

bodily injury or psychiatric impairment beyond mere shame or humiliation." *Id.*; *see also Byrnes v. Byrnes (In re Byrnes)*, 638 B.R. 821, 829 (Bankr. D.N.M. 2022) (adopting the narrow definition of personal injury tort). Both *Gawker* and *Byrnes* hold that "torts such as defamation, false light and injurious falsehood" do not constitute a personal injury tort because they "do not require proof of trauma, bodily injury, or severe psychiatric impairment." *Gawker*, 571 B.R. at 623; *see also Byrnes*, 638 B.R. at 830 (holding defamation is not a personal injury tort under narrow construction). Debtor argues Creditor's claims are of the sort contemplated in *Gawker* and *Byrnes*, involving no "severe trauma, bodily injury, or psychiatric impartments beyond shame or humiliation." Doc. No. 26 at 8. However, the Court finds Debtor's characterization of the asserted claims erroneous.

Creditor has asserted four claims against Debtor under California law in the Central District of California litigation—negligence, intentional infliction of emotional distress, sexual battery, and assault. Allegations of sexual assault underly these claims. Creditor's claims, based on alleged sexual assault, include sexual battery, which is defined under California law as requiring "the batterer intend to cause a harmful or offensive contact and the batteree suffer a sexually offensive contact." *Jacqueline R. v. Household of Faith Family Church, Inc.*, 97 Cal. App. 4th 198, 208 (Cal. Ct. App. 2002). Creditor has also alleged intentional infliction of emotional distress, which under California law requires the plaintiff to suffer "severe or extreme emotional distress." *Steel v. City of San Diego*, 726 F.Supp.2d. 1172, 1190 (S.D. Cal. 2010). As such, the claims asserted, both on their face and in the context of the alleged conduct, go beyond

MEMORANDUM OF DECISION - 6

"mere shame or humiliation," and require a showing of bodily harm or psychiatric injury contemplated by the narrow approach adopted in *Gawker* and *Byrnes*. Thus, the Court need not adopt a definition of "personal injury tort" because even under the most restrictive definition, the Court finds that the claims alleged constitute a personal injury tort for purposes of 28 U.S.C. § 157.

Because Creditor's claims are personal injury torts, the liquidation and estimation of such claims is not a core matter. 28 U.S.C. § 157(b)(2)(B). 28 U.S.C. § 157(b)(5) provides "that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose, as determined by the district court in which the bankruptcy case is pending." Here, the parties have waived the requirement that the district court make such a determination under § 157(b)(5) and consented to this Court making that determination in the context of Creditor's stay relief motion. As such, the Court next turns to whether there is cause to lift the automatic stay.

**B.    Stay Relief**

As noted, Creditor seeks relief from the automatic stay to permit the parties to liquidate Creditor's claims in the Central District of California. Relief from the automatic stay may be granted "for cause." § 362(d)(1). Cause is determined on a case-by-case basis. *In re Lyon*, 2019 WL 2866558, at *3 (Bankr. D. Idaho July 2, 2019). The factors that a bankruptcy court may consider when determining if cause exists to lift the automatic stay to permit litigation in a different forum include "'considerations of judicial economy, the expertise of the state court, prejudice to the parties, and whether exclusive

MEMORANDUM OF DECISION - 7

bankruptcy issues are involved.'" *Lyon*, 2019 WL 2866558, at *3 (quoting *Shin v. Altman (In re Altman)*, 2018 WL 3133164, *6 (9th Cir. BAP June 26, 2018)). The Ninth Circuit has noted that cause may exist when "a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates)*, 912 F.2d 1162, 1166 (9th Cir. 1990).

Pursuant to 28 U.S.C. § 157(b)(4), mandatory abstention under 28 U.S.C. § 1334(c)(2) does not apply to personal injury tort claims. However, "such claims may be subject to discretionary abstention under section 1334(c)(1)." *In re Pac. Gas & Elec. Co.*, 279 B.R. 561, 569 (Bankr. N.D. Cal. 2002). 28 U.S.C. § 1334(c)(1) provides that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Courts consider several factors which suggest the appropriateness of permissive abstention, and in turn relief from stay to permit litigation to continue in a different jurisdiction. These factors include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement

MEMORANDUM OF DECISION - 8

of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Tucson Estates*, 912 F.2d at 1167 (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)).

Here, several factors indicate that abstention would be appropriate. First, as discussed previously, the claims involved are personal injury torts and thus the Court lacks the ability to enter final judgment as to the liquidation and estimation of Creditor's claims absent consent of the parties. Accordingly, judicial economy would not be better served if the Court were to decline stay relief because under 28 U.S.C. § 157(b)(5), such claims would have to be tried in either the U.S. District Court for the District of Idaho or the Central District of California.[3] Creditor's claims arise under California state law and there has been pending litigation between the parties in the Central District of California for several years. The witnesses necessary to try the case are likewise located in California. As such, allowing the parties to return to California, where trial on the matters was set to begin shortly before Debtor filed for bankruptcy, would likely result in a more expeditious resolution.

Debtor relies on *Lyon* to argue the existence of the pending California litigation does not require this Court to grant stay relief. In *Lyon*, the Court denied a party's request for stay relief to go back to an Idaho state court and litigate several claims born out of a

---

[3] As discussed previously, the requirement under 28 U.S.C. § 157(b)(5) is non-jurisdictional and can be waived by the parties. *Stern v. Marshall*, 564 U.S. at 479. Here, the parties waived the requirement as to the district court determining which court should hear the matter, but not as to the entry of final judgment for the liquidation or estimation of Creditor's claims.

MEMORANDUM OF DECISION - 9

commercial dispute. 2019 WL 2866558, at *6. There the Court noted the state court did not have any particular advantageous expertise over a bankruptcy court, who is often called upon to handle commercial claims. *Id.* at 5. Further, while the state court litigation had been ongoing for several years, the Court noted that the state court's familiarity with the litigants was not particularly persuasive as any number of state court judges could have been appointed to preside over the trial. *Id.*

The case at hand is distinguishable from *Lyon* in several regards. First, *Lyon* concerned whether a bankruptcy judge in the District of Idaho could apply Idaho state law to several commercial law claims. Here, Creditor's claims are not commercial in nature. Moreover, the claims arise under California state law—not Idaho. While an Idaho District Court Judge could interpret and apply California law, such a judge would likely not be as familiar with that law as a Central District of California Judge. Further, as asserted by Creditor, the conduct alleged occurred in California and trying these claims in Idaho would create several issues as to the availability of witnesses located in California. As such, the considerations that led the Court in *Lyon* to deny the motion for stay relief are not present here.

Accordingly, when considering the presence of non-core claims and the pending litigation in the Central District of California, the Court finds abstention under 28 U.S.C. § 1334(c)(1) would be appropriate. Cause therefore exists to lift the automatic stay to permit the parties to liquidate Creditor's claims in the Central District of California.

MEMORANDUM OF DECISION - 10

**CONCLUSION**

Creditor's claims constitute personal injury torts. As such, the liquidation and estimation of these claims is a non-core matter, and this Court cannot enter final judgment. Given the parties' consent to this Court determining the appropriate venue to liquidate Creditor's claims and the applicable abstention factors, the Court will grant Creditor relief from the automatic stay to permit the parties to return to the Central District of California. The Court will enter an appropriate order.

DATED: November 10, 2022

_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 11